IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALFRED WAYNE LEE,

    Plaintiff,

vs.

D. HUDSON, Associate Warden,
individually and in his official
capacity; OTHER UNNAMED
FEDERAL CORRECTIONAL
OFFICERS; FEDERAL BUREAU
OF PRISONS, and UNITED STATES
DEPARTMENT OF JUSTICE,

    Defendants.

CIVIL ACTION NO.: CV208-048

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a cause of action, which was construed as being filed pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The undersigned conducted the requisite frivolity review of Plaintiff's Complaint and recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 7). Plaintiff filed Objections to the undersigned's Report. The Honorable Anthony A. Alaimo adopted the undersigned's Report and Recommendation as the opinion of the Court, and Plaintiff's Complaint was dismissed. (Doc. No. 13). Plaintiff filed a Motion for Reconsideration, which Judge Alaimo denied. (Doc. Nos. 16, 17). Plaintiff then filed a Notice of Appeal in the Eleventh Circuit Court of Appeals. In its Mandate, the Eleventh Circuit affirmed this Court's dismissal of Plaintiff's access to courts, Fourth Amendment, and legal mail

claims, as well as Plaintiff's claims against the Department of Justice and the Bureau of Prisons. However, the Eleventh Circuit remanded with respect to Plaintiff's due process claim, finding that this Court failed to address this claim. (Doc. No. 32). The Honorable Lisa Godbey Wood made the Court of Appeals' Mandate the judgment of this Court by Order dated February 2, 2009. (Doc. No. 35). In accordance with the Eleventh Circuit's directive, the undersigned enters the following.

In his Complaint, Plaintiff contends that his cell was searched and some of his property, particularly his legal materials, was confiscated. Plaintiff asserts that no one at the Federal Correctional Institution in Jesup, Georgia, notified him that his property had been confiscated, inventoried, or impounded, in violation of "legal directives, program statements, and standard operating procedures of the federal Bureau of Prisons." (Doc. No. 1, p. 3, p. 13; see also, Doc. No. 11, p. 1).

"The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. amend. XIV); U.S. CONST. amend. V. An "action alleging a procedural due process clause violation requires proof of three elements: deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally-inadequate process." Smith v. Sec'y, Fla. Dep't of Corr., 2009 WL 4893301, *2 (11th Cir. Dec. 21, 2009) (quoting Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). The intentional deprivation of property gives rise to a due process clause violation when the government fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal

AO 72A
(Rev. 8/82)

property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). As the alleged deprivation of Plaintiff's property occurred in Georgia, Georgia law provides the appropriate remedy. Accordingly, Plaintiff is not entitled to relief pursuant to Bivens or § 1331 on this claim. Plaintiff's due process claim should be **dismissed**.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's due process claim, and thus, the entirety of his Complaint, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 1st day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE